FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 2 4 2021

TAMMY H. DOWNS, CLERK
By: _____ /DEP CLERK

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**LINDSEY BELL, Individually and
on Behalf of all others Similarly Situated**                    **PLAINTIFF**

v.                    Case No. 4:21-cv-**748- BRW**

**WESTSIDE DIALYSIS UNIT LLC**                    **DEFENDANT**

## CLASS AND COLLECTIVE ACTION COMPLAINT

COMES NOW Lindsey Bell, individually and on behalf of all others similarly situated, by and through her attorney Chris Burks of WH LAW, for her Class and Collective Action Complaint against Westside Dialysis Unit LLC, they do hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1.      This is a collective action brought by Plaintiff Lindsey Bell individually and on behalf of all other hourly-paid employees employed by Defendant at any time within a three-year period preceding the filing of this Complaint.

2.      Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiff and other hourly-paid employees lawful overtime compensation for hours worked in excess of forty (40) hours per week.

3.      Plaintiff also brings this action under Amendment 89 of the Arkansas Constitution for declaratory judgment, monetary damages, liquidated damages, and costs, including reasonable

This case assigned to District Judge _Wilson_
and to Magistrate Judge _Kearney_

attorney's fees, as a result of Defendant's charging usurious interest rates in violation of the maximum interest rate for the State of Arkansas.

4.      Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA and AMWA as described, *infra*.

## II. JURISDICTION AND VENUE

5.      The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

6.      Plaintiff's claims under the AMWA and Ark. Const. Amend. 89 of the Arkansas State Constitution form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint.

7.      Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims and the claims filed under Ark. Const. Amend. 89 pursuant to 28 U.S.C. § 1367(a).

8.      The acts complained of herein were committed and had their principal effect within the Central Division of the Eastern District of Arkansas. Accordingly, venue is proper within this District pursuant to 28 U.S.C. § 1391.

9.      Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

10.     The witnesses to overtime wage violations alleged in this Complaint reside in this District.

11.    On information and belief, the payroll records and other documents related to the payroll practices that Plaintiff challenge are located in this District.

### III. THE PARTIES

12.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

13.    Plaintiff is a resident and citizen of Pulaski County.

14.    Plaintiff Lindsey Bell was employed by Defendant as an hourly-paid dialysis technician within the three years relevant to this lawsuit.

15.    At all material times, Plaintiff has been entitled to the rights, protection, and benefits provided under the FLSA and AMWA.

16.    Defendant Westside Dialysis Unit LLC is a domestic limited liability company, registered and licensed to do business in the State of Arkansas.

17.    Defendant Westside Dialysis Unit LLC's registered agent for service of process in Arkansas is Joyce Ejiofor at 500 University, Suite 306, Little Rock, Arkansas 72205.

18.    Defendant Westside Dialysis Unit LLC is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the class and collective.

19.    Defendant Westside Dialysis Unit LLC is a provider of medical services to patients, specifically dialysis services and related care.

20.    Defendant Westside Dialysis Unit LLC operates out of a facility in Little Rock, Arkansas.

21.     During the time period relevant to this case, Plaintiff was employed at Defendant Westside Dialysis Unit LLC's facility in Little Rock, Arkansas.

22.     Defendant Westside Dialysis Unit LLC has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others, such as materials and medications used to perform dialysis on patients.

23.     Defendant Westside Dialysis Unit LLC's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this complaint.

## IV.    FACTUAL ALLEGATIONS

24.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

25.     During part of the three (3) years prior to the filing of this lawsuit, Plaintiff worked for Defendant as an hourly-paid employee from approximately August 2020 to November 2020.

26.     Plaintiff and other hourly-paid employees regularly worked in excess of forty (40) hours per week throughout their tenure with Defendant.

27.     Plaintiff and other hourly-paid employees were classified as hourly employees and paid an hourly rate.

28.     Defendant failed to pay Plaintiff and other hourly-paid employees one-and-one-half (1.5) times their base hourly rate for each hour they worked over forty (40) in a workweek.

29.     Plaintiff worked for Defendant at Defendant's facility in Little Rock and Defendant's pay practices were the same for all hourly workers at the Little Rock facility.

.    30.    Defendant knew or showed reckless disregard for whether the way they paid Plaintiff and other hourly-paid employees violated the FLSA and AMWA.

31.    Defendant's hourly-paid employees were medical technicians, working with equipment to provide care to patients in a medical setting.

33.    During her employment with the Defendant, the Plaintiff was charged a $1.00 for each hour she worked for training the Defendant provided for the dialysis technician exam.

34.    Plaintiff was paid $12.00 an hour for each hour she worked but was charged $1.00 an hour by the Defendant for her training.

35.    This "training" consisted of the Plaintiff and other hourly paid employees sitting in a room and being read to from a training manual for two hours each week, as well as on-the-job training that was substantially no different than any new employee would receive when hired on by a new business.

36.    After the Plaintiff resigned from her position effective November 2, 2020, the Defendant began demanding payment from the Plaintiff for the cost of her training.

37.    The Defendant's demand to the Plaintiff shows interest charged to the Plaintiff in the amount of 5.75 percent per month for the months of November 2020, December 2020, January 2021, February 2021, March 2021, April 2021, May 2021, and June 2021.

38.    The Defendant continues to charge interest to the Plaintiff at a rate of 5.75 percent per month.

## V.    REPRESENTATIVE ACTION ALLEGATIONS

### A.    FLSA § 216(b) Class

39.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

40.    Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

41.    Plaintiff brings her FLSA claims on behalf of all hourly-paid employees employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendant as non-exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

A.    Payment for all hours worked, including payment of a lawful overtime premium for all hours worked for Defendant in excess of forty (40) hours in a workweek; and

B.    Liquidated damages; and

C.    Attorneys' fees and costs.

42. The relevant time period dates back three years from the date on which Plaintiff's Class and Collective Action Complaint was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

43. The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A.    They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

B.    They were paid hourly rates;

C.    They recorded their time in the same manner;

D.    They were subject to Defendant's common policy of improperly calculating overtime pay for hours worked over forty (40) hours per work week.

44.    Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believe that the group exceeds 25 persons.

45.    Defendant can readily identify the members of the Section 16(b) Collective.  The names, physical addresses, electronic mailing addresses, and phone numbers of the FLSA collective action Plaintiff are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action Plaintiff via first class mail, email, and text message to their last known physical addresses, electronic mailing addresses, and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## B.    AMWA Rule 23 Class

46.    Plaintiff, individually and on behalf of all others similarly situated who were employed by Defendant within the State of Arkansas, brings this claim for relief for violation of the AMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

47.    Plaintiff proposes to represent the class of hourly-paid employees who are/were employed by Defendant within the relevant time period within the State of Arkansas.

48.    Common questions of law and fact relate to all members of the proposed class, such as whether Defendant failed to pay members of the proposed class a lawful overtime wage in accordance with the AMWA.

49.     Common questions of law and fact predominate over any questions affecting only the individually-named Plaintiff, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the proposed AMWA class.

50.     The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class.  To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

51.     Plaintiff is unable to state the exact number of the potential members of the AMWA class but believe that the class exceeds 40 persons. Therefore, the class is so numerous that joinder of all members is impracticable.

52.     At the time of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

53.     Concentrating the litigation in this forum is highly desirable because Defendant's Little Rock facility is based in the Eastern District of Arkansas and because Plaintiff and all proposed class members work or worked in Arkansas.

54.     No difficulties are likely to be encountered in the management of this class action.

55.    The claims of Plaintiff are typical of the claims of the proposed class in that Plaintiff worked as hourly-paid employees for Defendant and experienced the same violations of the AMWA that all other class members suffered.

56.    Plaintiff and her counsel will fairly and adequately protect the interests of the class.

57.    Plaintiff's counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

58.    Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendant.

## VI.    FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of FLSA)

59.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

60.    29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

61.    During the period relevant to this lawsuit, Defendant classified Plaintiff as non-exempt from the overtime requirements of the FLSA.

62.     Despite the entitlement of Plaintiff to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) hours in each one-week period.

63.     Defendant's failure to properly pay overtime wages to Plaintiff stems from Defendant's not paying Plaintiff for all hours worked.

64.     Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary, and in bad faith.

65.     By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

66.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.    SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

67.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

68.     Plaintiff brings this collective action on behalf of all hourly-paid employees employed by Defendant to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for all the overtime compensation for all the hours she and they worked in excess of forty (40) each week.

69.     Plaintiff bring this action on behalf of herself individually and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

70.     During the period relevant to this lawsuit, Defendant classified Plaintiff and all similarly situated members of the FLSA collective as non-exempt from the overtime requirements of the FLSA.

71.     Despite the entitlement of Plaintiff and those similarly situated to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiff and all those similarly situated an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

72.     Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including non-discretionary bonuses paid to Plaintiff and those similarly situated in their regular rate when calculating their overtime pay.

73.     In the past three years, Defendant has employed hundreds of hourly-paid employees.

74.     Like Plaintiff, these hourly-paid employees regularly worked more than forty (40) hours in a week.

75.     Defendant failed to pay these workers at the proper overtime rate.

76.     Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the opt-in class may be properly defined as:

> **Each hourly-paid employee who, within the three years preceding the filing of this Complaint, worked more than thirty-nine (39) hours in any week.**

77.    Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

78.    By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

79.    Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.    THIRD CLAIM FOR RELIEF
### (Individual Claims for Violation of the AMWA)

80.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

81.    Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq.*

82.    At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

83.    Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half times regular wages for all hours worked over forty (40) hours in a week unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

84.    Defendant failed to pay Plaintiff all overtime wages owed as required under the AMWA.

85.     Defendant's failure to properly pay overtime wages to Plaintiff stems from Defendant's acts of not paying Plaintiff for all hours worked.

86.     Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

87.     By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

88.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## IX.     FOURTH CLAIM FOR RELIEF
### (Class Action Claim for Violation of the AMWA)

89.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

90.     Plaintiff, individually and on behalf of all others similarly situated who were employed by Defendant within the State of Arkansas, asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq.*

91.     At all relevant times, Defendant has been and continues to be the "employer" of Plaintiff and the members of the proposed class within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

92.     Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half times their regular wages for all hours worked over forty (40) hours in a week unless

an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

93.    Defendant failed to pay Plaintiff and members of the proposed class all overtime wages owed as required under the AMWA.

94.    Plaintiff proposes to represent a class of individuals who are owed overtime wages and other damages for the same reasons as Plaintiff, which may be defined as follows:

> **Each hourly-paid Arkansas employee who, within the three years preceding the filing of this Complaint, worked more than thirty-nine (39) hours in any week.**

95.    Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

96.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and the proposed class for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

97.    Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and members of the proposed class as provided by the AMWA, Plaintiff and members of the proposed class are entitled to an award of prejudgment interest at the applicable legal rate.

**X.    FIFTH CLAIM FOR RELIEF**
**Violation of Ark. Const. Amend. 89**
**(On Behalf of Plaintiff and Amendment 89 Class)**

98.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

99.    Defendant has made demand to Plaintiff for training costs and interest for training that took place during her employment with the Defendant.

100.    Despite her requests, the Defendant has failed to provide the Plaintiff with a copy of her employment contract, under which the collection for these training costs is being enforced.

101.    The "training" the Defendant provided to the Plaintiff and similarly situated employees consisted of two hours per week of reading aloud from a manual on dialysis technician work and the on-the-job training of the type typically provided by any employer to a new employee.

102.    Defendant was aware at the time Plaintiff was hired that the Plaintiff would require training to perform her assigned duties as a dialysis technician and to pass the dialysis technician exam.

103.    Defendant benefited from the training it provided to the Plaintiff, as the more experience the Plaintiff had performing her job duties, the more efficiently and effectively she was able to perform in her position.

104.    This amount of interest being charged by the Defendant for training costs is above the maximum interest rate for the State of Arkansas and is usurious, and the employment contract the Defendant seeks to enforce is therefore void.

105.    Arkansas's legal limits on interest rates are set forth in the state constitution, of which Amend. 89 Section 3 states "the maximum lawful rate of interest on loans or contract not described in Sections 1 [governmental bonds and loans] and 2 [governing loans from federally insured depository institutions] shall not exceed seventeen percent (17%) per annum."

106.    As the Defendant did not provide a bond or loan to the Plaintiff, and the Defendant is not a governmental unit or a federally insured depository institution, the maximum amount of interest able to be charged by the Defendant is seventeen percent per annum.

107.    The demands for payment delivered by the Defendant to the Plaintiff show a monthly interest rate of 5.75 percent for the months of November 2020, December 2020, January 2021, February 2021, March 2021, April 2021, May 2021, and June 2021.

108.    A monthly interest rate of 5.75 percent, with interest compounding monthly at the rate of 5.75 percent results in a yearly interest rate of sixty-nine percent (69%), well above the maximum amount of interest for able to be charged in the State of Arkansas.

109.    As of June 16, 2021, Defendant is claiming it is owed $4290.07 in principal and interest for "training" the Plaintiff received at a job she worked at for four months.

110.    As a result of the actions of the Defendant, Plaintiff suffered damages.

111.    Liquidated damages in this matter are proper.

112.    Compensatory damages in this matter are proper.

113.    Punitive damages in this matter are proper.

114.    Further, this is also a class action under Rule 23 of the Federal Rules of Civil Procedure. Plaintiff Bell is a member of a class of employees who were charged usurious amounts of interest in violation of Amendment 89 of the Arkansas Constitution.

115.    Plaintiff asserts violations of Amendment 89 on behalf of a class of all persons who were charged usurious interest rates by the Defendant for training received during their employment from the date of four (4) years prior to the date of the filing of this lawsuit, through the time of trial of this case.

116.    The class is so numerous that joinder of all members is impractical. While the exact number and identities of Class members are unknown at this time, and can only be ascertained through appropriate discovery. Plaintiff believes that at least thirty-five (35) but as many as one hundred (100) putative class members have worked from the Defendant and been charged usurious interest rates for training received during their employment, as described herein.

117.    This litigation is properly brought as a class action because of the existence of questions of fact and law common to the Class which predominate over any questions affecting only individual members, including:

a.) The policy of the Defendant to charge hourly employees for usurious interest rates for training they received for the dialysis technician position and related dialysis technician exam;
b.) Whether Plaintiff and members of the Class worked for less than minimum wage once the training costs and usurious interest amounts were factored into their hourly salaries;
c.) Whether the damages owed to Plaintiff and members of the class can easily be calculated by the rate of pay of the positions worked in and the amount of interest charged by and paid to the Plaintiff and members of the class.

118.    This litigation is properly brought as a class action because Plaintiff's claims are typical of the claims of the members of the Class, inasmuch as all such claims arise from the Defendant's standard policies and practices, as alleged herein. Like all Class members, Plaintiff was injured by Defendant's policies and practices of being charged usurious interest rates for training she received from the Defendant.

119.    Plaintiff has no interests antagonistic to the interests of the other members of the Class. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in class litigation. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class. Further, Class Counsel is experienced in litigating class actions.

120.    A class action is an appropriate and superior method for the fair and efficient adjudication of the present controversy given the following factors:

>    A. Common Questions of law and/or fact predominate over any individual questions which may arise, and accordingly, there would accrue enormous savings to both the Court and the Class in litigating the common issues on a class-wide instead of a repetitive individual basis;
>    B. Despite the relatively small size of individual Class members' claims, their aggregate volume, coupled with the economies of sale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a Class action on a cost-effective basis, especially when compared with repetitive individual litigation;
>    C. No unusual difficulties are likely to be encountered in the management of this class action in that all questions of law and/or fact to be litigated at the liability stage of this action are common to the Class.

121.    Plaintiff is aware of no members of the proposed class who have an interest in individually controlling the prosecution of separate actions; neither is Plaintiff aware of any other litigation concerning this particular controversy.

122.    Class certification is fair and efficient because prosecution of separate actions by individual Class members would create a risk of differing adjudications with respect to such individual members of the Class, which as a practical matter may be dispositive of the interest of other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

123.    The class is defined as all employees of the Defendant who were charged usurious interest rates for training received during their employment from the date of four (4) years prior to the date of the filing of this lawsuit.

## XI. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Lindsey Bell, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer herein as follows:

(A)    That Defendant be required to account to Plaintiff, the class, and collective members, and the Court for all of the hours worked by Plaintiff and the class and collective members and all monies paid to them;

(B)    A declaratory judgment that Defendant's practices violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(C)    A declaratory judgment that Defendant's practices violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(D)    A declaratory judgment that the Defendant's practices violate Amendment 89 of the Arkansas Constitution and the related regulations;

(E)    Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

(F)    Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(G)    Judgment for damages for all unpaid overtime compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(H)    Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all

unpaid overtime compensation owed to Plaintiff and members of the class and collective during the applicable statutory period;

(I)     Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the class and collective during the applicable statutory period;

(J)     Judgment for liquidated damages pursuant to Amendment 89 of the Arkansas Constitution and related regulations, in an amount equal to all damages owed to the Plaintiff and members of the class during the applicable statutory period;

(K)     An order directing Defendant to pay Plaintiff and members of the class and collective pre-judgment interest, reasonable attorney's fees, and all costs connected with this action; and

(L)     Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**Lindsey Bell, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

WH Law | We Help
1 Riverfront Pl. – Suite 745
North Little Rock, AR 72114
(501) 891-6000

By:     *Chris Burks*
Chris Burks (ABN: 2010207)
chris@wh.law